United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GASPAR ZACARIAS,<br>Petitioner,<br>v.<br>U.S. GENERAL ATTORNEY, *et al.*,<br>Respondents. | Case No. 1:26-cv-04184 (AMO)<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 8 |

Petitioner Juan Gaspar Zacarias (*a.k.a.* Juan *Gazpar* Zacaria) is detained at the California City Detention Center pending the resolution of his removal proceedings. Before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus arguing that his present detention by U.S. Immigration and Customs Enforcement ("ICE") violates due process and the Immigration and Nationality Act ("INA"). *See* Dkt. No. 8 at 4–7. For the reasons that follow, the Court finds that Petitioner is entitled to relief on his procedural due process claim.

## I. BACKGROUND

Based on parties' submissions, the Court finds the following facts. Petitioner entered the United States without inspection when he was fifteen years old. *Id*. at 3. On April 11, 2011, he was "encountered" by the Department of Homeland Security ("DHS") Enforcement and Removal Operations in Tampa, Florida, and issued a Notice to Appear placing him in removal proceedings. *Id*.; Dkt. No. 7 at 7. It appears that DHS chose not to detain him at that time, and an immigration judge administratively closed the removal proceedings on October 2, 2014, based on a lack of enforcement priority. Dkt. No. 7 at 7. Since entering the United States, Petitioner has resided and worked in Clearwater, Florida as a handyman. Dkt. No. 8 at 3. He also has three children, ages twenty-one, thirteen, and seven. *Id*.

On December 24, 2025, Petitioner was arrested for driving under the influence. Dkt. No. 7 at 16. He was convicted of the offense on January 21, 2026. *Id.* at 17. Around the same day as his conviction, Petitioner was pulled over by police while he was sitting as a passenger in a vehicle. *Id.* at 7. He was transferred to ICE custody on January 22, 2026, and has remained detained since. *Id.* The Government has refused to provide Petitioner with a bond hearing—or make any kind of custody determination that Petitioner's continued detention is justified—during his nearly eight months of detention as they maintain that his detention is mandatory under 8 U.S.C. § 1225(b)(2).

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose constitutional relief on the grounds that Petitioner's detention without bond is lawful under 8 U.S.C. § 1225(b)(2). *See* Dkt. No. 7 at 1–2. They further argue that if any relief is ordered, the Court should limit it to a bond hearing in light of Petitioner's DUI conviction. *Id.* at 3. The Court finds, however, that Petitioner's detention under § 1225(b)(2) is unlawful, and his now eight months of detention without any custody determination violates his due process rights, entitling him to release.

Respondents' argument regarding the applicability of § 1225(b)(2) was foreclosed in *Rodriguez Vazquez v. Bostock*. There, the Ninth Circuit held that that § 1225(b)(2)(A) does not

apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 183 F.4th 1160, 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Section 1226(a) "and its regulations guarantee noncitizens detained under that provision multiple levels of 'substantial procedural protections' against the erroneous deprivation of their liberty[,]" including arrest upon a valid warrant, notice of the basis for continued detention, an initial custody determination by an immigration officer, and a bond hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting *Jacobo-Ramirez v. Mullin*, — F. Supp. 3d —, 2026 WL 879799 (D. Nev. 2026)). As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2)(A), and have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), the appropriate remedy here is immediate release. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or custody determination made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here."); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (granting immediate release where Government denied that petitioner was detained under § 1226); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release).

## IV. CONCLUSION AND ORDER

For the reasons stated above, the petition for writ of habeas corpus is GRANTED.

United States District Court
Eastern District of California

Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

**IT IS SO ORDERED.**

Dated: September 22, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge